**Ikles J. ROBERTS, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 20467.**

United States Court of Appeals
Ninth Circuit.

July 20, 1966.

Ikles Roberts, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM.

Ikles J. Roberts, appellant herein, is a prisoner confined in the California State Prison at San Quentin as a result of his conviction after trial by a jury in the Superior Court of the State of California in and for the County of Los Angeles of the offense of first degree robbery in violation of California Penal Code section 211. Appellant appealed his conviction to the California District Court of Appeal, Second Appellate District, Division Four, which court affirmed his conviction on July 2, 1964. On October 8, 1964, appellant applied to the Superior Court of Marin County, California, for a writ of habeas corpus, which application was denied on the same date. On December 18, 1964, appellant filed a petition for a writ of habeas corpus in the California Supreme Court which was denied without opinion on February 17, 1965. On March 2, 1965, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division. On March 24, 1965, the district court denied the appellant's petition for failure to state sufficient facts upon which relief may be granted. Appellant sought a rehearing of this order. The district court denied a rehearing on May 5, 1965. Later, the district court upon appellant's motion granted a certificate of probable cause and leave to appeal in forma pauperis. This court has jurisdiction under 28 U.S.C. § 1291.

The sole ground for relief urged by appellant is that he was interrogated by police without counsel being present and without being advised of his right to counsel, which statements were introduced into evidence at his trial. He relies on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). On the face of appellant's petition it appears that he was tried and convicted prior to September 5, 1962. On the basis of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966), which held that the Escobedo holding is available only to persons whose trials began after June 22, 1964, appellant is entitled to no relief.

Judgment affirmed.